## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

DELORISE KLINES-DONLEY
FOR CARL DONLEY                                                              PLAINTIFF

vs.                                                    CIVIL ACTION NO. 4:16CV222-RP

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

### MEMORANDUM OPINION

Delorise Klines-Donley appeals a decision by the Commissioner of Social Security

denying her husband, Carl Donley's ("plaintiff") application for a period of disability (POD) and

disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and

for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act.  Plaintiff

protectively applied for disability on February 4, 2014 alleging disability beginning on May 31,

2011.  He later amended his onset date to November 17, 2012.  Docket 8 at 298.  His claim was

denied initially on April 17, 2014, and on reconsideration on May 1, 2014.  He requested a

hearing and was represented by counsel at the hearing held on March 17, 2015.  The

Administrative Law Judge (ALJ) issued an unfavorable decision on April 23, 2015, and the

Appeals Council denied plaintiff's request for a review on September 16, 2016.  Plaintiff timely

filed this appeal from the ALJ's most recent decision under 42 U.S.C. § 405(g), and it is now

ripe for review.

Because both parties have consented to have a magistrate judge conduct all the

proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to

issue this opinion and the accompanying final judgment.

## I.  FACTS

Plaintiff was born on January 19, 1964 and has a college education.  Docket 8 at 293.  He was fifty-one years old at the time of the hearing.  *Id.*  His past relevant work was as a material handler and stacker, a stocker and a carpet installer.  *Id.* at 305.  Plaintiff contends that he became disabled before his application for disability as a result of "[t]ype 2 diabetes, affective mood disorders, tendonitis in arm."  Docket 8 at 202.  The ALJ determined that plaintiff suffered from a "severe" impairment of "type II diabetes mellitus" and concluded the remaining impairments of tendonitis, hypertension, hypokalemia, and affective mood disorder were non severe.  Docket 8 at 23.  Further, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  *Id.* at 26.

Based upon testimony by the vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity [RFC] to

> perform a full range of medium work as defined in 20 CFR
> 404.1567(c) and 416.967(c).  In addition, the claimant should not
> work from unprotected heights or around hazards.

Docket 8 at 26.  The ALJ evaluated all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing and a review of the third party report of plaintiff's mother, and found that because plaintiff could perform his previous job of a carpet installer, he is not disabled under the Social Security Act.  *Id.* at 306.

Plaintiff claims that the ALJ committed reversible error because he did not properly

consider plaintiff's neuropathy as an impairment separate from his diabetes. Docket 15 at 3.

Following a review of the briefs, the transcript and oral argument, the undersigned concludes

that the ALJ properly considered plaintiff's neuropathy in conjunction with his consideration of

plaintiff's diabetes. Therefore, the decision of the ALJ is AFFIRMED.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step

sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of

this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at

each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First,

plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff

must prove his impairment is "severe" in that it "significantly limits [his] physical or mental

ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is

disabled if he proves that his impairments meet or are medically equivalent to one of the

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff

does not meet this burden, at step four he must prove that he is incapable of meeting the physical

_____

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

and mental demands of his past relevant work.[6]  At step five, the burden shifts to the

Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

past work experience, that he is capable of performing other work.[7]  If the Commissioner proves

other work exists which plaintiff can perform, plaintiff is given the chance to prove that he

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by

substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v.*

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to

scrutinize the entire record to determine whether the ALJ's decision was supported by

substantial evidence and whether the proper legal standards were applied in reviewing the claim.

*Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review

and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even

if it finds that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has

held that substantial evidence is "more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence

---

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

are for the Commissioner to decide, and if there is substantial evidence to support the decision, it

must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614,

617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient

evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the

[Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.

1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends the ALJ failed to properly consider his neuropathy as a severe

impairment. He asserts that if the ALJ found his neuropathy severe and that it prevented him

from standing the requisite six (6) hours a day necessary to perform either light or medium work,

plaintiff would have been deemed disabled by the GRIDs. In response, the Commissioner notes

that plaintiff did not allege neuropathy as an impairment separate and distinct from his diabetes

and his testimony at the hearing indicated that the neuropathy was a direct result of his diabetes.

Plaintiff has provided no legal authority to support the argument that the ALJ is required

to independently consider every condition resulting from a diagnosis as a separate limitation.

Instead, plaintiff only relies on *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) which defines

when an impairment may be considered non-severe and only requires that the ALJ determine the

severity of impairments–not conditions resulting from the impairments. There is no evidence in

the record to support an assertion that plaintiff has difficulty standing. When questioned at the

hearing, plaintiff testified that his neuropathy "goes and comes" and that it "don't just linger on

all day long." Docket 8 at 301. Plaintiff made no mention of issues with standing or walking at

5

the hearing or at any point in his examinations or his submissions to the Commissioner.

There is no evidence in the record to support an argument that his neuropathy, even if considered severe, limits his ability to perform basic work activities. Dr. Bishnu Sapkota, a consultative examiner, found plaintiff experienced no limitations in standing, walking, sitting, lifting, or carrying. Docket 8 at 280. He noted that plaintiff "was able to walk to the examination room without any difficulty. He was able to take off and put on his shoes. He was able to sit down comfortably." *Id.* at 277. Additionally, plaintiff reported to Dr. Sapkota that he "spends most of the day helping his mother with household chores. He does cleaning, mowing the yard, and the rest of the time he watches television." *Id.* These are not the types of activities that an individual with neuropathy sufficient to render him disabled participates in. At the hearing, plaintiff attributed the limitations of what he could do around the house to his shortness of breath and dizziness, and he did not testify as to any limitations caused by his neuropathy other than its affect on his ability to sleep. Docket 8 at 297, 301-302. As such, any error in evaluating plaintiff's neuropathy was harmless error. The claim that the ALJ failed to satisfy his duty to evaluate all of plaintiff's impairments is without merit.

## IV.  CONCLUSION

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record and properly considered all of plaintiff's impairments, including his neuropathy. The plaintiff did not provide credible evidence that his neuropathy affects his ability to work, and the ALJ more than adequately explained his reasons for reaching his RFC. As a consequence, the undersigned holds that the ALJ's decision was supported by substantial evidence and must be

affirmed.  A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 15th day of June, 2017.

 /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE